# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| Johnnie S. Lee, *pro se* ) | |
|     Plaintiff, ) | |
| ) | |
|  v. ) | 7:23-cv-00409-LSC |
| ) | |
| Tuscaloosa City Schools, et al., ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM OF OPINION

Before the Court is Defendant's Tuscaloosa City Board of Education ("TCB")[1] Motion to Dismiss Plaintiff Johnnie S. Lee's Second Amended Complaint (Doc. 15) and Motion to Strike the Amended Complaint (Doc. 16). Also before the Court is Defendants' Paulette Cobb, Deron Cameron, Lucile Prewitt, and Michael J. Daria (collectively, "Individual Defendants") Motion to Dismiss (Doc. 18) and Joinder of TCB's Motion to Strike (Doc. 17). For the reasons provided below, the Motions to Dismiss are due to be granted. (Doc. 15, 18.) The Motions to Strike are mooted. (Doc. 16, 17.)

**I.  BACKGROUND**

---

[1] While Plaintiff identified "Tuscaloosa City Schools" as a defendant in her Complaint, Tuscaloosa City Board of Education has appeared and identified itself as the proper defendant.

1

Plaintiff filed her first Complaint on March 30, 2023. (Doc. 1.) She then filed, without leave or direction of the Court, her first Amended Complaint on April 20, 2023 (Doc. 3.) On May 16, 2023, the Defendants moved to dismiss the Complaint, contending that it did not state a claim upon which relief could be granted. (Doc. 4, 6.) On May 17, 2023, the Court issued an Order directing Plaintiff to respond to the Motions to Dismiss (Doc. 4, 6.) within twenty-one days. (Doc. 7.) Twenty-six days later, on June 12, 2023, the Plaintiff filed an affidavit. (Doc. 9.) The Defendants filed a Joint Motion to Strike and Respond to Plaintiff's Affidavit (Doc. 11) and an Amended Joint Motion to Strike and Respond to Plaintiff's Affidavit (Doc. 12). The Court considered Plaintiff's affidavit as an effort from the Plaintiff to provide facts missing in the Complaint.

On July 21, 2023, the Court then issued an Order stating that it had reviewed the Plaintiff's Complaint and the parties' filings, and that it was dismissing Counts 1, 2, 5, 6, 8, 10, and 11 because those counts were based on statutes that either lack a civil cause of action or were obviously inapplicable in this context. (Doc. 13.) The Court further dismissed Count 12 for failure to state a claim because it merely requested a trial by jury. (*Id.*) As to the remaining claims, the Court noted that the Complaint as drafted did not indicate that the Defendants were liable for any legally actionable conduct. (*Id.*) But given that the Plaintiff proceeds *pro se*, the Court

allowed the Plaintiff to file another amended complaint and instructed her to file her amended complaint within twenty-one days of the Order. (*Id.*)

Plaintiff then filed her Second Amended Complaint on August 14, 2023. (Doc. 14.) On August 25, 2023, the Defendants filed Motions to Dismiss (Doc. 15, 18) and Motions to Strike the Complaint as untimely (Doc. 16, 17). On August 28, 2023, the Court issued an Order stating that the Second Amended Complaint closely resembled the deficient First Amended Complaint, and as currently drafted, it did not indicate that Defendants are liable for any legally actionable misconduct. (Doc. 19.) But given that Plaintiff proceeds *pro se*, the Court allowed Plaintiff to appear in writing within fifteen days and show how the Second Amended Complaint demonstrated that she was entitled to relief. (Doc. 19.)

The parties have responded to the Court's Show Cause Order. (Doc. 20, 21, 22, 23, 24.) In her Reply to the Individual Defendants' Response to Plaintiff's Show Cause, Plaintiff asks the Court for a third amendment to her complaint if the Court finds the Second Amended Complaint is still not sufficient. (Doc. 24 ¶ 2.) As the Court has already allowed Plaintiff to file two amendments to her original Complaint, it is clear to the Court that Plaintiff will be unable to state a cause of action. The Court therefore denies this request and renders judgment on the Second Amended Complaint.

**II.    STANDARD OF REVIEW**

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must plead enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Stated another way, the factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). A complaint that "succeeds in identifying facts that are suggestive enough to render [the necessary elements of a claim] plausible" will survive a motion to dismiss. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556) (internal quotation marks omitted).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the

complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. If the pleading "contain[s] enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory,'" it satisfies the notice pleading standard. A*m. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 683–84 (11th Cir. 2001)).

### III. ANALYSIS

In her Second Amended Complaint, Plaintiff asserts four causes of action: 1) a violation of 42 USC § 1983 due to defendants violating the Equal Employment Opportunity Act of 1964; 2) a violation of 18 USC § 1985; 3) wrongful termination; and 4) injunctive relief. None of these causes of action state a claim upon which relief can be granted.

Plaintiff's first cause of action is clearly deficient. 42 USC § 1983 provides a civil cause of action for a plaintiff who is deprived of a right secured under the Constitution or federal law when that deprivation occurs under the color of law. *See Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). At the outset, the Court cannot identify "the Equal Employment Opportunity Act of 1964." The Equal Employment Opportunity Act of 1972 is a statute that amended Title VII, and Title VII was originally enacted in the Civil Rights Act of 1964. Therefore, because

Plaintiff has not pointed to any other constitutional or statutory right she was deprived of, the Court assumes that Plaintiff intended to state a claim under Title VII.

Nevertheless, Plaintiff has failed to state a claim. In her original Complaint, Plaintiff argues that she was terminated because of her race. (Doc. 1 at 18 ¶ 22.) In her affidavit, she further states that she was "discriminated, retaliated, defamed, and harassed against for reporting a problem in the workplace which involved 3 Caucasian teachers" (Doc. 9 ¶ 12) and she states that the school was a "hostile work environment." (Doc. 9 ¶ 4). In support of these arguments, Plaintiff has merely stated 1) the race of various defendants and 2) the race of the teachers who Plaintiff complained about, in a group chat, for placing students on the wrong buses. She has not even asserted her own race, much less alleged any other facts that would give rise to a Title VII claim. As a result, Plaintiff's first cause of action is due to be dismissed.

Plaintiff's second cause of action is also deficient. First, 18 USC § 1985 is not a statute. 45 USC § 1985 is a statute, and it prohibits "conspiracy to interfere with civil rights." Regardless, even assuming Plaintiff intended to state a cause of action under 45 USC § 1985, she has failed to do so. Plaintiff has not alleged any facts that would suggest a conspiracy. Therefore, Plaintiff's second cause of action is due to be dismissed.

Plaintiff's third cause of action is also deficient. Plaintiff has not stated a legal basis for this wrongful termination claim. If Plaintiff intended to state a claim under Title VII, as explained above, she has failed to do so. If Plaintiff intended to state a claim under the Whistleblower Protection Act, that cause of action only protects federal employees. The Court can think of no other federal causes of action under which the Plaintiff could have intended to assert a claim for "wrongful termination." If Plaintiff intended to assert a state law claim for wrongful termination, the Court declines to exercise supplemental jurisdiction, if there is a supplemental claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, Plaintiff's third cause of action is also due to be dismissed.

Lastly, Plaintiff's fourth cause of action is also deficient. Plaintiff requests an injunction "to prohibit respondents from further participating in activities listed in the summary and specified relief section such as slandering the petitioner to potential employers." (Doc. 14 at 4–5) But Plaintiff has not made any specific factual allegations regarding this alleged "slander." Plaintiff has only made the conclusory remark that Defendants have slandered her and stated that she cannot find employment due to Tuscaloosa City Schools being listed as her last place of employment. (*Id.* at 5–6.) Therefore, Plaintiff's fourth cause of action is also due to be dismissed.

**IV.   CONCLUSION**

For the reasons discussed above, Defendants' Motions to Dismiss are granted. (Doc. 15, 18.) The Motions to Strike are mooted. (Doc. 16, 17.) This action is dismissed without prejudice.

**DONE** and **ORDERED** on September 28, 2023.

L. Scott Coogler
United States District Judge

215755